UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NORMAN ROSSON, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS NATIONAL BANK, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)** <br><br> Case No. 2:25-cv-00140 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Norman Rosson filed this action without an attorney and without paying the filing fee.[1]  The court temporarily granted Mr. Rosson's motion to waive the filing fee and stayed the case for screening.[2]  As explained below, because Mr. Rosson fails to allege any claim over which this court has subject matter jurisdiction, he is permitted to file an amended complaint by May 12, 2025.  The court again temporarily grants the motion to waive the filing fee[3] pending screening of the amended complaint, if any is filed.

---

[1] (*See* Compl., Doc. No. 7; Mot. for Leave to Proceed Without Paying the Filing Fee, Doc. No. 2.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 10.)

[3] (Doc. No. 2.)

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court

must dismiss the case if it concludes the complaint "fails to state a claim on which relief

may be granted."[4]  In making this determination, the court uses the standard for

analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.[5]  To avoid dismissal under Rule 12(b)(6), a complaint

must allege "enough facts to state a claim to relief that is plausible on its face."[6]  The

court accepts well-pleaded factual allegations as true and views the allegations in the

light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's

favor.[7]  But the court need not accept a plaintiff's conclusory allegations as true.[8]  "[A]

plaintiff must offer specific factual allegations to support each claim."[9]  This court also

has an "independent obligation to determine whether subject-matter jurisdiction exists,

even in the absence of a challenge from any party."[10]

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

Because Mr. Rosson proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## ANALYSIS

Mr. Rosson filed this action "to address the unjustified reduction of [his] credit limit" on an American Express credit card.[16]  Mr. Rosson asserts three claims, alleging violations of the Fair Credit Reporting Act[17] ("FCRA"), the Equal Credit Opportunity

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[16] (*See* Compl., Doc. No. 7 at 1.)

[17] 15 U.S.C. §§ 1681 et seq.

Act[18] ("ECOA"), and state contract law.[19]  As explained below, Mr. Rosson fails to establish federal jurisdiction over any of these claims.

In general, a plaintiff may establish subject matter jurisdiction in one of two ways—first, a plaintiff may establish diversity jurisdiction by alleging no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.[20]  Alternatively, a plaintiff may establish federal question jurisdiction by bringing a claim arising under federal law.[21]  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."[22]

1.  Diversity jurisdiction

Mr. Rosson alleges the court "has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1332"[23]—the diversity jurisdiction statute.  But he fails to allege diversity of citizenship or an amount in controversy exceeding $75,000.

As to the amount in controversy, Mr. Rosson seeks an unidentified amount of "compensatory damages for financial harm, including lost business opportunities,

---

[18] *Id.* §§ 1691 et seq.

[19] (*See* Compl., Doc. No. 7 at 2.)

[20] *See* 28 U.S.C. § 1332(a).

[21] *See id.* § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[22] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[23] (Compl., Doc. No. 7 at 1.)

reputational damage, and increased borrowing costs."[24]  He also seeks an injunction

requiring American Express to (1) reinstate his credit limit, (2) cease reporting his

reduced limit to credit bureaus, and (3) "provide written clarification of its decision-

making process and align its actions with [his] credit profile."[25]  Where Mr. Rosson does

not explain the monetary value of the relief he seeks, he fails to allege an amount in

controversy exceeding $75,000.[26]

      Mr. Rosson also fails to allege the parties' citizenship.  Mr. Rosson alleges he "is

an individual residing in Crete, IL."[27]  But the citizenship of a person is determined by

where they are domiciled, and "a person acquires domicile in a state when the person

resides there and intends to remain there indefinitely."[28]  Because Mr. Rosson's

"residence is not equivalent to his domicile and it is domicile that is relevant for

determining citizenship," his assertion that he resides in Illinois is insufficient.[29]

      As to American Express, Mr. Rosson contends "Defendant is a financial

institution with its principal place of business in Fort Lauderdale, Florida, authorized to

---

[24] (*Id.* at 2.)

[25] (*See id.*)

[26] *See Busby v. Busby*, No. 21-cv-03118, 2022 U.S. Dist. LEXIS 1180, at *4 (D. Colo. Jan. 4, 2022) (unpublished) (finding "the Court cannot determine whether it has jurisdiction" because the "plaintiff has not indicated the value of the bank account in question or how the matter in controversy exceeds $75,000").

[27] (Compl., Doc. No. 7 at 1.)

[28] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

[29] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

conduct business in Utah."[30]  But "a corporation is a citizen of its state of incorporation

and the state where its principal place of business is located."[31]  While Mr. Rosson

alleges American Express's principal place of business, he fails to allege its state of

incorporation—alleging American Express is "authorized to conduct business in Utah" is

insufficient.[32]

In sum, Mr. Rosson fails to establish diversity jurisdiction because he does not

allege the citizenship of the parties or an amount in controversy exceeding $75,000.

Because, alternatively, Mr. Rosson could establish jurisdiction if he alleged a claim

arising under federal law,[33] his claims are discussed below.

2.  FCRA claim

First, Mr. Rosson alleges American Express violated the FCRA by relying on

"inaccurate or incomplete credit report data in reducing [his] credit limit and reporting the

---

[30] (Compl., Doc. No. 7 at 1.)

[31] *Grynberg v. Kinder Morgan Energy, Ltd. P'ship*, 805 F.3d 901, 905 (10th Cir. 2015); *see also Andress v. Deasy*, No. 97-1041, 1997 U.S. App. LEXIS 13178, at *4 (10th Cir. June 5, 1997) (unpublished) ("To establish diversity of citizenship of a corporate defendant, the complaint must allege the corporation's state of incorporation and its principal place of business.").

[32] *See, e.g.*, *Tero v. State Farm Fire & Cas. Co.*, No. 24-69, 2024 U.S. Dist. LEXIS 12022, at *2–3 (D.N.M. Jan. 23, 2024) (finding allegation that the defendant is "authorized to conduct business in New Mexico" insufficient to identify the defendant's state of incorporation); *SBL Enters. LLC v. Keystone Cap. Corp.*, No. 1:21-cv-4459, 2021 U.S. Dist. LEXIS 95255, at *7 (S.D.N.Y. May 19, 2021) (unpublished) ("[W]here Defendant Keystone is 'authorized to transact business' is not relevant for diversity purposes.").

[33] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

change to credit bureaus."[34]  The FCRA imposes two duties on furnishers of credit

information (such as American Express[35]): (1) a duty to report accurate information, and

(2) a duty to investigate the accuracy of reported information upon receiving notice of a

dispute from a credit reporting agency.[36]  "But the FCRA creates no private right of

action for an information furnisher's violation of its duty to provide accurate

information."[37]  Instead, this duty is "enforced exclusively" by "Federal agencies and

officials and [] State officials."[38]  "And while a private right of action exists for violations

of an information furnisher's duty to investigate the accuracy of reported information,

this duty only arises after the furnisher receives notice of a dispute from a [credit]

---

[34] (Compl., Doc. No. 7 at 2.)

[35] *See Bath v. Experian Info. Sols., Inc.*, No. 19-cv-00106, 2019 U.S. Dist. LEXIS
106138, at *14 (D. Colo. May 10, 2019) (unpublished) (noting American Express
National Bank is an information furnisher—not a credit reporting agency—under the
FCRA), *R. & R. adopted*, 2019 U.S. Dist. LEXIS 105113 (D. Colo. June 24, 2019)
(unpublished); *see also Plater v. Phx. Fin. Servs.*, No. CIV-22-688, 2024 U.S. Dist.
LEXIS 239649, at *5–8 (W.D. Okla. Nov. 1, 2024) (unpublished) (explaining difference
between information furnishers and credit reporting agencies).

[36] *See Eldridge v. Equifax, Inc.*, No. CIV-19-115, 2019 U.S. Dist. LEXIS 40489, at *5–6
(W.D. Okla. Mar. 13, 2019) (unpublished); *see also* 15 U.S.C. § 1681s-2(a)–(b).

[37] *Eldridge*, 2019 U.S. Dist. LEXIS 40489, at *6; *see also Sanders v. Mountain Am. Fed.
Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (noting that while the FCRA creates
a private right of action against credit reporting agencies that inaccurately report credit
information, "that right of action is limited to claims against the credit reporting agency; it
does not extend to furnishers"); *Williams v. Oklahoma*, 852 F. App'x 385, 386 (10th Cir.
2021) (unpublished) (affirming dismissal of FCRA claim because "Defendants are not
credit reporting agencies against which a private cause of action is permitted").

[38] 15 U.S.C. § 1681s-2(d).

reporting agency."[39]  Mr. Rosson does not allege he initiated a dispute with a credit

reporting agency or that an agency notified American Express of a dispute.  Thus, Mr.

Rosson fails to state a plausible FCRA claim.[40]

   3.  <u>ECOA claim</u>

Next, Mr. Rosson claims American Express's "penalization of legitimate

business-related credit inquiries and subsequent reduction of [his] credit limit constitutes

discriminatory treatment and violates the Equal Credit Opportunity Act."[41]  The ECOA

prohibits discrimination against credit applicants "on the basis of race, color, religion,

national origin, sex or marital status, or age."[42]  Where Mr. Rosson does not allege

---

[39] *Eldridge*, 2019 U.S. Dist. LEXIS 40489, at *6; *see also Willis v. Cap. One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015) (unpublished) ("The furnisher's duty to investigate arises only after a [credit reporting agency] notifies the furnisher of a dispute and, conversely, does not arise when notice is provided directly from a consumer.  Thus, a consumer cannot recover under § 1681s-2(b) if they do not initiate the process for recovery by notifying a [credit reporting agency] of the dispute." (internal quotation marks and citations omitted)).

[40] *See Willis*, 611 F. App'x at 502; *see also Sanders*, 689 F.3d at 1147 (affirming dismissal of FCRA claims against information furnisher because the plaintiffs did not allege they initiated a dispute with a credit reporting agency).

[41] (Compl., Doc. No. 7 at 2.)

[42] 15 U.S.C. § 1691(a)(1); *see also Sifuentes v. Cap. One*, No. 2:22-cv-00190, 2023 U.S. Dist. LEXIS 79109, at *10 (D. Utah May 4, 2023) (unpublished) ("To state a plausible claim under the ECOA, [the plaintiff] must plead that [] he is a member of a protected class . . . .").

discrimination on any of these bases, he fails to state a claim under the ECOA.  Simply

mentioning the word "discriminatory" is insufficient.[43]

    4.  <u>Contract claim</u>

Finally, Mr. Rosson contends American Express's "arbitrary and unjustified

actions undermine [his] reasonable expectations as a responsible cardholder and

constitute a breach of the implied covenant of good faith and fair dealing inherent in the

contract between [Mr. Rosson] and [American Express]."[44]  But where Mr. Rosson fails

to assert any federal claims or to establish diversity jurisdiction, the court lacks

jurisdiction over his state law claims.[45]

Because Mr. Rosson fails to allege a claim over which this court has jurisdiction,

his complaint is subject to dismissal.[46]  Nevertheless, "[d]ismissal of a pro se complaint

for failure to state a claim is proper only where it is obvious that the plaintiff cannot

prevail on the facts he has alleged and it would be futile to give him an opportunity to

---

[43] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at 555)).

[44] (Compl., Doc. No. 7 at 2.)

[45] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *see also Erbacher v. Albrecht*, No. 1:11-cv-00096, 2013 U.S. Dist. LEXIS 86185, at *20 (D. Utah June 17, 2013) (unpublished) ("Having dismissed [the plaintiff's federal claim,] the court lacks jurisdiction over the remaining causes of action: claims under Utah law for breach of contract and breach of the covenant of implied good faith and fair dealing.  The court does not have federal question jurisdiction and the parties are not diverse.").

[46] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

amend."[47]   Accordingly, Mr. Rosson will be given an opportunity to amend his complaint.

## CONCLUSION

1.      Mr. Rosson may file an amended complaint by May 12, 2025.  The words "Amended Complaint" should appear in the caption of the document.

2.      Mr. Rosson is advised that an amended complaint will completely replace all prior versions of the complaint.  Claims which are not realleged in the amended complaint will be deemed abandoned.[48]

3.      Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[49]

4.      Other than an amended complaint, the restriction on filing other documents set forth in the court's April 7, 2025 order[50] remains in place.

---

[47] *Kay*, 500 F.3d at 1217 (citation omitted).

[48] *See Pierce v. Williams*, No. CIV 20-284, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[49] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202024.pdf [https://perma.cc/CSX4-8M5T].

[50] (Doc. No. 10.)

5.      Failure to file an amended complaint may result in dismissal of this action.

DATED this 21st day of April, 2025.

                                        BY THE COURT:


                                        _Daphne A. Oberg_____
                                        Daphne A. Oberg
                                        United States Magistrate Judge