UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NORMAN ROSSON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STRIKE SECOND AMENDED COMPLAINT (DOC. NO. 32) AND GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br>**(DOC. NO. 35)**<br><br>Case No. 2:25-cv-00140<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Norman Rosson, proceeding without an attorney, brought this action against American Express National Bank for reducing his credit card limit on his account with the bank.[1] After screening Mr. Rosson's initial complaint, the court allowed him to file an amended complaint.[2] Mr. Rosson did so, asserting a single claim for breach of the implied covenant of good faith and fair dealing.[3] American Express then answered.[4]

---

[1] (Compl., Doc. No. 7.)

[2] (*See* Mem. Decision & Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee, Doc. No. 11.)

[3] (Am. Compl., Doc. No. 12.)

[4] (Def.'s Answer & Affirmative & Other Defenses to Pls.' Am. Compl. (Answer to Am. Compl.), Doc. No. 21.)

Six weeks later, Mr. Rosson filed a second amended complaint, adding allegations and four additional claims.[5]

The parties now file competing motions. American Express moves to strike the second amended complaint as untimely and filed without leave of the court or the bank's consent.[6] Mr. Rosson opposes[7] and separately moves for leave to file the second amended complaint.[8] American Express opposes granting leave to amend, arguing the second amended complaint is futile and would prejudice the bank.[9] Because the bank's arguments are more appropriately addressed in the motion to dismiss or joinder contexts, and because there is no other basis to deny leave to amend, Mr. Rosson's motion for leave to amend is granted—and American Express's motion to strike is denied.

## LEGAL STANDARDS

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading "once as a matter of course," within twenty-one days after serving it or

---

[5] (*See* Second Am. Compl. ¶¶ 25–54, Doc. No. 29 (adding allegations and new claims for "waiver of arbitration by litigation conduct," "conditional declaratory relief," "negligent misrepresentation/fraudulent omission," and "tortious harm to commercial reputation and trademarked identity").)

[6] (Def.'s Mot. to Strike Second Am. Compl. (Mot. to Strike), Doc. No. 32.)

[7] (Pl.'s Opp'n to Mot. to Strike, Doc. No. 33.)

[8] (Pl.'s Mot. For Leave to File Second Am. Compl. (Mot. to Am.), Doc. No. 35.)

[9] (Def.'s Opp'n to Mot. to Am., Doc. No. 40.)

twenty-one days after a responsive pleading or motion.[10]  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[11]  Rule 15 instructs courts to "freely give leave when justice so requires."[12]  "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[13]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[14]  Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[15]

Because Mr. Rosson proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[16]  Still, pro se plaintiffs must follow the same rules of procedure governing other litigants.[17]

---

[10] Fed. R. Civ. P. 15(a)(1).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Id.*

[13] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[14] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[15] *Minter*, 451 F.3d at 1207.

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

ANALYSIS

As a threshold matter, Mr. Rosson's second amended complaint is not permitted as a matter of course, where he filed it forty-three days after American Express answered.[18] However, notwithstanding Mr. Rosson's failure to secure the court's leave before filing the second amended complaint, it is in the interest of justice to grant leave now.

American Express asserts no grounds sufficient to merit denying Mr. Rosson's motion for leave to amend. First, American Express's futility arguments are better suited for a motion to dismiss. Although leave to amend may be denied due to futility alone,[19] courts often decline to consider futility if it would be more appropriately addressed in dispositive motions.[20] Particularly where the same arguments could be raised in a motion to dismiss, courts have found that addressing futility in a motion to

---

[18] (*See* Def.'s Answer to Am. Compl., Doc. No. 21 (filed October 2, 2025); Second Am. Compl., Doc. No. 29 (filed November 14, 2025).) Mr. Rosson clearly did not have the bank's consent to file a second amended complaint. (*See* Def.'s Opp'n to Mot. to Am., Doc. No. 40.)

[19] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[20] *See, e.g.*, *Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

amend "place[s] the cart before the horse," and "defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[21]

Here, American Express contends the four new claims in the second amended complaint are futile because they do not state a cause of action, they seek a nonjusticiable advisory opinion, or they are inadequately pleaded.[22] These same arguments could be raised in a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. Indeed, they would be more appropriately addressed in the context of a motion to dismiss, where they could be fully briefed (and opposed)—rather than forced into a Rule 15(a) opposition brief.

Second, American Express fails to show the second amended complaint would cause undue prejudice. In arguing prejudice, the bank complains the second amended complaint does not name companies that "*may* be necessary parties."[23] Specifically, American Express notes Mr. Rosson claims losses based on one of his company's accounts, yet he has not "identified" any companies as plaintiffs.[24] If the second amended complaint is dismissed, the bank argues, Mr. Rosson could just refile his

---

[21] *Obeslo v. Great-West Cap. Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

[22] (Def.'s Opp'n to Mot. to Am. 3–5, Doc. No. 40.)

[23] (*Id.* at 5–6 (emphasis added).)

[24] (*Id.*) American Express uses the term "identify," which, based on its argument, appears to mean Mr. Rosson has not *named* the account-holding companies as plaintiffs in this case. As explained below, this is an argument for failure to join a necessary party (i.e., nonjoinder) under Rule 19.

claims through one of those companies.  As a result, American Express would not be fully relieved of Mr. Rosson's claims.[25]

This argument is flawed in several ways.  For one, American Express cites no legal authority in support; it merely asserts the second amended complaint does not identify companies that *may* be necessary parties.  Setting this aside, Mr. Rosson does not name any companies as plaintiffs in his amended complaint either.[26]  In other words, American Express contends the second amended complaint will result in a prejudice that already exists irrespective of whether leave to amend is allowed.  Where this claim of prejudice is not tied to the proposed pleading, it is not a reason to deny leave to amend.  Finally, the mechanism for adding a party is joinder, not denial of leave to amend.[27]  In effect, the bank identifies no prejudice at all.[28]  It merely masks an

---

[25] (Def.'s Opp'n to Mot. to Am. 6, Doc. No. 40.)

[26] Indeed, American Express raises this point as an affirmative defense to the amended complaint.  (Answer to Am. Compl. 13, Doc. No. 21 (arguing Mr. Rosson's amended complaint "fails to join required and indispensable parties" pursuant to Rule 19).)

[27] *See* Fed. R. Civ. P. 19.

[28] In its reply in support of striking the second amended complaint, American Express briefly—and for the first time—argues Mr. Rosson's failure to satisfy Rule 15(a)(2)'s requirements prejudiced the bank "by stripping it of its due process rights." (Reply in Supp. of Mot. to Strike 2–3, Doc. No. 34.)  The bank offers no insight as to what rights it lost, exactly.  And, regardless, this late, undeveloped argument is waived.  *See Aptive Env'tal, LLC v. Town of Castle Rock*, 959 F.3d 961, 986 (10th Cir. 2020) (holding arguments raised for the first time in a reply brief are waived).

unsupported argument for nonjoinder as prejudice in the context of an opposition to a motion to amend.[29]

Finally, American Express does not contend any undue delay, bad faith, or dilatory motive by Mr. Rosson.  And nothing suggests these factors, which may otherwise justify the denial of leave to amend, are present here.  In sum, the court declines to engage in a futility analysis at this stage and finds American Express has not demonstrated prejudice from the second amended complaint.  Where there is no other basis to deny Mr. Rosson's motion, justice requires granting leave to amend.[30]  And denying American Express's motion to strike is appropriate in light of this leave.

## CONCLUSION

American Express's motion to strike[31] is denied, and Mr. Rosson's motion to amend[32] is granted.  The court directs the clerk to refile docket number 29 as the

---

[29] *See Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001) ("The question of whether an absent party is necessary and/or indispensable is resolved by applying Rule 19 of the Federal Rules of Civil Procedure." (citation omitted)); *see also* Fed. R. Civ. P. 12(b)(7) (providing for dismissal of an action for "failure to join a party under Rule 19").

[30] Mr. Rosson specifically asks for leave to amend be granted with retroactive effect (*nunc pro tunc*), recognizing that he filed the second amended complaint before obtaining such leave.  Although the motion for leave to amend the complaint is granted, there is no basis for any *nunc pro tunc* ruling.  *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 65 (2020) (explaining federal courts may issue *nunc pro tunc* orders, or "now for then" orders, to reflect what has already occurred but was not entered in the record due to "inadvertence of the court," but such orders "cannot make the record what it is not" (citations omitted)).

[31] (Doc. No. 32.)

[32] (Doc. No. 35.)

second amended complaint within seven days.  Once filed on the docket, the second amended complaint will be the operative pleading in this case.  American Express's deadline to respond to the second amended complaint is March 26, 2026.

DATED this 26th day of February, 2026.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge